Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5712 | **DATE** | 11/20/2001 |
| **CASE TITLE** | Celotex Corporation v. Discount Roofing Materials, LLC, an Illinois Limited Liability Company, Dariusz "Derek" Dybka, and Violetta Dybka, a/k/a Violetta Jaskula | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Discount Roofing Materials LLC's Motion to Dismiss or in the alternative to Stay the proceedings

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ■ This case is dismissed without prejudice and without costs

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Discount Roofing Material's Motion To Dismiss [4-1] is granted without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | 01 NOV 21 PM 3: 16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELOTEX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 5712 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| DISCOUNT ROOFING MATERIALS LLC, ) | |
| an Illinois Limited Liability Company, ) | |
| DARIUSZ "DEREK" DYBKA, and, ) | |
| VIOLETTA DYBKA, a/k/a VIOLETTA ) | |
| JASKULA, ) | |
| ) | |
| Defendants. ) | |

RECEIVED
NOV 23 2001

## MEMORANDUM OPINION AND ORDER

Before this court is Defendant Discount Roofing Material's ("DRM") motion to dismiss or in the alternative stay this proceeding. As explained below, due to the pendancy of the state court action this case is dismissed.

### Factual Background

On or about August 25, 2000, DRM filed a complaint against Plaintiff, Celotex Corporation ("Celotex") in the Circuit Court of Cook County, Illinois. On or about March 19, 2001, DRM amended said complaint against Celotex. The three count complaint alleged that DRM purchased defective shingles from Celotex in breach of express and implied warranties. On or about April 30, 2001, Celotex filed its Answer to the Amended Complaint, which contained nine affirmative defenses. On or about May 16, 2001, DRM was served with written

discovery from Celotex in the state court proceeding. DRM served its responses to Celotex's written discovery.

On or about July 23, 2001, Celotex filed a six count complaint in the Northern District of Illinois against DRM and its guarantors seeking recovery of $121,241.99, plus interest, attorneys fees and costs. The complaint alleges, inter alia, breach of contract for DRM's and its guarantors' failure to pay invoices for roofing shingles DRM received from Celotex on credit. Celotex seeks to invoke the diversity jurisdiction of this court. Celotex is a Delaware corporation and DRM is an Illinois Limited Liability Company. The amount in controversy clearly exceeds the statutory minimum of $75,000. DRM urges this court to dismiss or in the alternative to stay this proceeding due to the pendancy of the state court proceeding which it claims is parallel to the case in federal court.

## Analysis

Federal courts possess a "virtually unflagging obligation" to exercise their jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) (hereinafter "Colorado River"); see also Rosser v. Chrysler Corp., 864 F.2d 1299, 1307 (7th Cir. 1988). However, when a concurrent state court proceeding involves "substantially the same" parties and issues, a district court may stay or dismiss the federal proceeding for reasons of "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817, 96 S. Ct. at 1246 (quoting Kerotest Mfg. Co. v. All Continent Corp., 301 U.S. 278, 57 S. Ct. 705, 81 L. Ed. 1085 (1937)). In order to stay the proceeding, a district court must initially find that the federal and state court actions are parallel. LaDuke v. Burlington N.R.R. Co., 879 F.2d 1556,

1559 (7th Cir. 1989) (citing Day v. Union Mines, Inc., 862 F.2d 652, 655 (7th Cir. 1988)). However, parallel actions alone do not warrant a stay or dismissal of a federal court proceeding. Id. A district court is justified in deferring to a parallel state action only in "limited" and "exceptional" circumstances. Id. Thus, the Court must first determine whether the state and federal proceedings are parallel and, second, whether limited and exceptional circumstances warrant a stay or dismissal of the proceedings.

Defendant DRM has moved to stay or, in the alternative, dismiss the federal proceedings because it claims the breach of warranty claim in the State Action "will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 28, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983). However, Celotex argues that the Court must exercise its jurisdiction because the State Action will not resolve the claims brought before the federal action nor do any independent factors warrant application of the Colorado River Doctrine. The Court resolves these issues below.

A. PARALLEL ACTIONS

A stay or dismissal of the federal proceeding, under the Colorado River doctrine, requires that the concurrent federal and state actions be parallel. Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988). The actions, however, need not be identical. Id. Parallel proceedings involve substantially the same parties contemporaneously litigating substantially the same issues. Caminiti and Iatarola, Limited v. Behnke Warehousing, Inc., 962 F.2d 698 (7th Cir. 1992). The issues are "sufficiently similar" when there is a "substantial

likelihood that the state litigation will dispose of all claims presented in the federal case." Lumen Construction, Inc. v. Brant Const. Co., 780 F.2d 691, 694 (7th Cir. 1985).

In this case, the parties in both actions are identical, except for the reversal of positions (as plaintiff and defendant) and the addition of Dariusz and Violetta Dybka as defendants in the federal proceeding. However, the posture of the parties is immaterial in determining the parallel nature of the cases. Calvert Fire Insurance Co. v. American Mutual Reinsurance Co., 600 F.2d 1228, 1229 n. 1, 1235 (1979). The Seventh Circuit has clearly stated that formal symmetry need not exist between the state and federal actions in order for those actions to be parallel. Lumen, 780 F.2d at 695. Therefore, in determining the parallel nature of the suits, the Court need not consider the fact that DRM, the defendant in the state proceeding, is the plaintiff in the federal suit. Moreover, the addition of a party to a proceeding, by itself, does not destroy the parallel nature of the two actions. Id. Celotex cannot control the parallel nature of the federal and state proceedings simply by adding Dariusz and Violetta Dybka to the federal suit. As long as the parties and their litigation interests in both proceedings are "substantially similar," the parties are sufficiently parallel. Id. at 694. Here one of the essential issues that must be decided in both proceedings is whether Celotex delivered defective shingles to DRM. If these allegations are proved in the State Action, then Celotex could not claim breach of contract in the Federal Action. The inclusion of Dariusz and Violetta Dybka in the federal proceeding does not destroy import of the state court's resolution of this common underlying issue.

Celotex contends, however, that Certain Teed Corporation is the real party in interest in the state court procceding. Celotex asserts that Certain Teed assumed, pursuant to an asset purchase agreement with Celotex, exclusive responsibility for certain existing and future product

claim liability of Celotex's former roofing business, which manufactured the shingles sold to DRM. According to Celotex, Certain Teed has assumed the defense and indemnification of the state suit with its own counsel. Thus, Celotex contends that the cases do not involve substantially the same parties. Further, Celotex claims that under the agreement Certain Teed is precluded from asserting a claim for recovery of the invoices due Celotex in the state suit. That fact, however, is irrelevant since Certain Teed is defending the state court action on behalf of Celotex. Celotex has not filed any pleadings in the state court action to the effect that it is not the real party in interest. Therefore, any counterclaims would be Celotex's counterclaims. Thus, the cases involve substantially the same parties.

Celotex also argues that the two claims are not parallel because resolution of the State action will not dispose of the breach of contract claim before this Court. However, both the state and federal actions arise out of the same transaction, but involve different legal claims. The claims in the Federal Action are: (1) breach of contract; (2) breach of warranty; and (3) unjust enrichment. The claims in the State Action are breaches of express and implied warranties. The source of conflict in both actions is the roofing shingles ordered on credit by DRM. If Plaintiff is found to be in breach of express and implied warranties by delivering defective shingles, it may be estopped from asserting breach of contract rights for DRM's failure to pay for the shingles in the federal action. The State Action could, therefore, "dispose of" the breach of contract claim through res judicata. A suit is "parallel" if judgment in one would have res judicata effect on the other suit. Calvert Fire Insurance Co. v. American Mutual Reinsurance Co., 600 F.2d 1228, 1229 n.1 (7th Cir. 1979); P&P Mktg. Inc., 746 F. Supp. at 1371 (Suits are parallel if the state action

could dispose of the issues in the federal action.). Thus, the actions in federal and state court are parallel.

The Court must now determine whether "exceptional circumstances" exist which would favor staying or dismissing the federal action.

B. EXCEPTIONAL CIRCUMSTANCES

As noted above, the Court of Appeals for the Seventh Circuit uses a ten-pronged analysis to determine whether "exceptional circumstances" exist which would favor staying the Federal Action:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of the state court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

LaDuke, 879 F.2d at 1559 (citing Lumen, 780 F.2d at 694-95).

Although "no one factor is necessarily determinative[,] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado, 424 U.S. at 817. The court must carefully balance such factors, with the weight of any one factor varying greatly from case to case, depending upon the case's particular setting. Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 16, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983). Although this Court must weigh heavily the presumption favoring the exercise of jurisdiction, this Court's careful balancing of such factors justifies a dismissal of this proceeding.

The first factor does not apply in this case because this is not an in rem action. The factor of an inconvenient forum weighs against a dismissal because the Federal and State courthouses are within blocks of one another. The desirability of avoiding piecemeal litigation is a factor weighing most heavily in favor of a dismissal. In order to determine whether DRM must pay for the shingles that it ordered from Celotex, the district court would be required to assess whether the shingles were defective. A potential "grand waste" of judicial and party effort exists in this case because two separate courts are hearing virtually the same parties argue the same issue. Once the state court resolves this issue in DRM's breach of warranty claim against Celotex, its determination will have been "an adequate vehicle for the complete and prompt resolution of the issues between the parties." Cone, 460 U.S. at 28.

The order in which jurisdiction was obtained by the concurrent forums is another factor weighing in favor of a dismissal. DRM filed the state court action on August 25, 2000 and Celotex filed the federal court action on July 23, 2001, nearly a year later. The source of governing law weighs in favor of defendants. The claims involve the common law and the Uniform Commercial Code. Jurisdiction is based on diversity and not a federal question. There is no reason to believe that Celotex's rights will not be protected in the state court proceeding. To the contrary, Celotex filed an answer in the state court proceeding asserting nine affirmative defenses, all of which involve state law. The progress of the proceedings is another factor that weighs in favor of the defendants. The state court proceeding has been pending for over a year during which time the parties have engaged in motion practice with regard to the pleadings and have initiated discovery. The federal proceeding, on the other hand, has just begun and discovery has not yet been initiated. The concurrent jurisdiction factor also favors the defendant. Since the

case does not involve federal claims, exclusive jurisdiction does not lie in federal court. The state court is just as capable as the federal court to adjudicate the common law claims presented by the two cases. Further, since Celotex is a Delaware corporation, it could have removed the state court action to federal court rather than creating a second lawsuit.

Finally, several factors support the inference that the lawsuit in federal court is contrived. Celotex filed its complaint for breach of contract in federal court only after DRM filed its complaint for breach of warranty in state court. Moreover, Celotex had adequate opportunity to file a counterclaim against DRM and join Dariusz and Violetta Dybka as a parties in the State Action. Indeed, Celotex's addition of Dariusz and Violetta Dybka to his federal complaint hints of an attempt to avoid application of the Colorado River doctrine as does Celotex's claim that it is not the real party in interest in the state court proceeding.

A careful balancing of the above factors warrants a dismissal of this case without prejudice. An abstention, or stay, of a federal claim is generally preferred to a dismissal without prejudice. Aetna Casualty and Surety Co. v. Kerr McGee Chemical Corp., 875 F.2d 1252, 1261 (7th Cir. 1989). Although the choice of a stay or a dismissal will have no practical effect if all issues are in fact resolved by the state court proceeding, where those issues are not determined, only a stay ensures that the federal court will exercise its jurisdiction. Lumen, 780 F.2d at 698. Since all of the claims in this case are governed by state law, judicial economy, convenience, fairness, and comity weigh in favor of a dismissal without prejudice. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). The breach of contract claim brought by Celotex in federal court is a state law cause of action, probably cognizable in the pending state proceedings. To stay proceedings in the federal forum while

there is an appropriate state forum (and proceeding) in which to litigate these issues makes no apparent sense.

## Conclusion

For the foregoing reasons, Defendant Discount Roofing Material's motion to dismiss this action is granted without prejudice.

Enter:

David H. Coar
United States District Judge

Dated: NOV 2 0 2001